**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

Lyle W. Cayce
Clerk

No. 10-30994
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES Q. SKYM,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-56-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Q. Skym, formerly a sergeant in the United States Air Force, contests his bench-trial conviction, tried by a magistrate judge and affirmed by the district court, for knowingly and fraudulently demanding payment on a claim against the United States, in violation of 18 U.S.C. § 1003. He was sentenced, *inter alia*, to two months' imprisonment.

Skym asserts that the evidence is insufficient to support his conviction, claiming the Government failed to establish that his moving-expenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reimbursement claim was fraudulent.  Along that line, Skym contends that the magistrate judge and district court erred in:  considering the weight-estimator results (a computer program that estimated weight of shipment based on items being moved), because the estimator program contained a disclaimer that results may be inaccurate and some of his inventory did not appear, or received inadequate coverage, under the estimator;  and relying on the listed maximum capacity of the moving truck, because the Government did not call an expert to testify about whether such a vehicle could function with a load exceeding its capacity and the extent to which such capacity could be exceeded before vehicle damage occurred.

Where, as here, an action is tried before a magistrate judge and affirmed by the district court, pursuant to 28 U.S.C. § 636, our court "will affirm the magistrate's findings if they are supported by substantial evidence".  *United States v. Lee*, 217 F.3d 284, 288 (5th Cir. 2000).  The evidence is sufficient to support the conviction unless "no rational trier of fact could find substantial evidence establishing [Skym's] guilt beyond a reasonable doubt." *Id.*

The magistrate judge's conclusion that Skym's reimbursement claim was fraudulent is supported by substantial evidence.  Following his release from the Air Force, Skym claimed reimbursement for 9,000 pounds of household goods that he personally moved, far exceeding the amount claimed by an average service member in his position, and two times as much as was calculated by the weight estimator.  Two Government witnesses testified that Skym's claimed weight looked suspicious, that it far exceeded the estimated weight of his inventoried goods, and that the estimator provided a close weight to what was expected of a staff sergeant with a single dependent.  There was also evidence that the estimator generally exceeded the actual weight of the inventoried items, and that it usually estimated within 500 pounds of the actual weight of the items.  Further, Skym's assertion that the estimator did not consider, or

undervalued, some of his items is unavailing; the estimator included 900 pounds of unspecified items.

The magistrate judge's finding that it was not possible to exceed the vehicle's payload capacity without damaging the vehicle is also supported by substantial evidence. Skym claimed that he moved 9,040 pounds of household goods in a truck that had a maximum payload capacity of 5,544 pounds. Even with the additional items Skym added, at trial, to the initial inventory, his total estimated weight was substantially below the claimed 9,040 pounds. Two Government witnesses testified that neither of them had seen a truck the size of the one used by Skym carrying that weight of goods. Accordingly, there was sufficient evidence for the magistrate judge to conclude that no expert witness was required. *See United States v. Wright*, 797 F.2d 245, 254 (5th Cir. 1986).

AFFIRMED.